[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
In a revised three count complaint dated April 22, 1992, the plaintiff, Matka Corporation, brought suit against the defendants for breach of contract pursuant to a leasing agreement whereby plaintiff leased computer equipment to the defendant, Tolland County Times.
On November 30, 1992, plaintiff moved to strike defendants' first through fourth special defenses. The defendants oppose the motion to strike their second and third special defenses. The second special defense alleges that pursuant to the UCC, General Statutes 42a-2-706(1) and 2-709(1)(b), plaintiff had a duty to mitigate damages by reselling the computer equipment and recovering from the defendants the difference between the resale price and the contract price. The third special defense alleges that pursuant to General Statutes42a-2-703(3) or 42a-2-706(4)(b), plaintiff failed to mitigate damages because of its failure to notify defendants of its intent to sell the computer equipment at a private or public sale. Plaintiff claims essentially in its motion that the UCC as adopted in Connecticut does not apply to a lease agreement.
Article 2 of the Uniform Commercial code, which concerns the sale of goods, is codified in General Statutes 42a-2-101 et seq. General Statutes 42a-2-102 states that "[u]nless the context otherwise requires, this article applies to transactions in goods. . . ." The term "transactions in goods" is not defined in the statutes; nor do we find any Connecticut decision which interprets this term. Nevertheless, while the scope of Article 2 encompasses "transactions in goods," General Statutes42a-2-106(1) states that "unless the context otherwise requires `contract' and `agreement' are limited to those relating to the present or future sale of goods. . . . A `sale' consists in the passing of the title from the seller to the buyer for a CT Page 2758 price. . . ."
While the question as to whether the UCC as adopted in Connecticut is applicable to a leasing agreement has not been decided by the Connecticut appellate courts, several superior court decisions have held that the UCC applies to a leasing agreement. Brown v. V C Enterprises, 2 Conn. L. Rptr. 324
(August 23, 1990, Walsh, J.) (unconscionable provision of the UCC applicable to lease of jet ski); Emlee Equipment v. Waterbury Transmission, 5 CTLR 540 (January 30, 1990, Meadow, J.) (equipment lease agreement unconscionable and therefore unenforceable under the UCC); Hertz Commercial Leasing Corp. v. Dynatran, Inc., 37 Conn. Sup. 7, 17, 427 A.2d 872 (Super.Ct. 1980) (provision of the Connecticut UCC pertaining to unconscionable clauses in sales contracts is applicable to lease agreements); Fairfield Lease Corp. v. Pratt, 6 Conn. Cir. Ct. 537 (1971) (vending lease agreement unconscionable and thus, unenforceable under the UCC); see also Murphy v. McNamara,36 Conn. Sup. 183, 193 n. 8, 416 A.2d 170 (Super.Ct. 1979) (lease is within the purview of the Uniform Commercial Code).
Except for Brown v. UCC Enterprises, supra, the above cited cases do not specifically analyze the issue of whether Article of the UCC is applicable to leases. In Brown, the court acknowledged that on its face, the UCC as adopted in Connecticut is not applicable to rental agreements. Nevertheless, in concluding that the "unconscionable" provision of the UCC is applicable to a lease, the court in Brown cited Owens v. Patent Scaffolding Co. Div. of Harsco, 78 Misc.2d 694, 354 N.Y.S.2d 778
(N.Y.Sup.Ct. 1974) for the proposition that an equipment lease is a "transaction in goods" subject to Article 2 of the UCC.
There appears to be a split of authority in other jurisdictions as to whether the provisions of Article 2 of the UCC are applicable to a leasing agreement. Courts that have found Article 2 to be applicable have employed at least three different rationales: (1) Article 2 is directly applicable to a lease because a lease is within the scope of Article 2 as it is a transaction in goods; (2) Article 2 is directly applicable where a specific lease is the functional equivalent of a sale of goods; and (3) certain provisions of Article 2 are applicable by analogy to lease transactions because of the comparable economic considerations of leasing to a sale of goods. Barco Auto Leasing Corp. v. PSI Cosmetics, 478 N.Y.S.2d 505, 509-10 (N Y Civ. Ct. 1984); Glenn Dick Equipment Co. v. Galey Construction, CT Page 275997 Idaho 216, 541 P.2d 1184, 1188-89 (1975).
Where Article 2 of the UCC is applied to lease agreements, courts have reasoned that the term transaction in goods "encompasses a far wider area of activity than a `sale,' and it cannot be assumed that the term was carelessly chosen." Hertz Commercial Lease Corp. v. Transportation Credit Clearing House,298 N.Y.S.2d 392, 395 (N.Y. Civ. Ct. 1969), rev'd on other grounds, 64 Misc.2d 910, 316 N.Y.S.2d 585 (N.Y.App.Div. 197 0); see Owens v. Patent Scaffolding Div. of Harsco, supra; Pacific American Leasing v. S.P.E. Building Systems, Inc.,152 Ariz. 96, 730 P.2d 273, 277 (1986); Sawyer v. Pioneer Leasing Corporation, 244 Ark. 943, 428 S.W.2d 46 (1968).
In Hertz Commercial Lease Corp. v. Transportation Credit Clearing House, supra, 395, the court stated that "[i]n view of the great volume of commercial transportation which are entered into by the device of a lease, rather-than a sale, it would be anomalous if this large body of commercial transactions were subject to different rules of law than other commercial transactions which tend to the identical economic result." In concluding that lease agreements were under the purview of the UCC, the court in Hertz noted that "[t]he 1955 Report of the Law Revision Committee . . . reveals that the `property' or `title' concept is of negligible importance under Article 2. . . ." Id., 397, 98. therefore, `the Code considers the duties, rights and remedies arising from a transaction as of primary importance, and relegates the concept of `title' to a far lesser status than it had under earlier common law and under the Uniform Sales Act." Id., 397.
We conclude that plaintiff's motion to strike defendants' second and third special defenses should be denied because a lease is within the scope of Article 2 as it is a transaction in goods. We note, without analyzing the decisions that the transaction in this case might fall within the "analogous to a sale" doctrine. In addition, there appear to be some persuasive public policy considerations for viewing Article 2 as applicable to the lease in this case.
Motion to Strike Second and Third Special Defenses denied.
Wagner, J. CT Page 2760